Judge Underwood,
delivered he Opinion of the Court.
According to the principles settled in i’Sf^rshon Ds. the Bank of the Conmienwealth, at the *172 fall term, 1831, Harrison could not successfully appeal to the Chancellor to enjoin a judgment render-' ed on a note or obligation, when he had no other grounds of equity than such as arise merely from ^ie ^act’ ^bat the writing which constituted the foundation of theeommon law suit was not his act and deed.- Had that been the fact, it was his duty to ma^e bis deferu e at law. He assigns no reason for failing to do it except a reliance upon the promise of Jesse Harrison- to defend for him. His plea must *K1Ye been verified on oath. This was a- personal matter which lie should have known could not be "performed by an agent, who could not possibly know- whether the note or obligation had not been acknowledged and delivered as a binding instrument when the agent was not present. The excuse for .not defending at law is altogether insufficient to jusj.j)e interposition of the chancellor.
Whennhe • gaUon^ueií " on is not 'he act ami deed ofíl'®cilj[ení)1“ defend himself at law.
sh'oulffbe allowed upon the sum for "lined “nisin'" dissolved.13
Morehead for plaintiff
But there is error in awarding damages twice. We are also of opinion that the damages awarded at the February term, 1830, are more than the defendant, Wilson Was entitled to. Damages should be allowed upon the sum for which the injunction is dissolved, II. Digt. &70. Uupon our calculation, we make the balance due on the 27th of- February,. 1830, when the injunction was dissolved, less than 'f 11,00. We cannot see the basis upon which damages to the amount of $135,89? were given, Wherefore the decree of April term, 1824, giving damages, but without ascertaining their amount, and so much of the decree of the February term, 1830, as gives damages, are hereby reversed and set aside, and the cause is remanded for a decree for damages in conformity to this opinion. The plaintiff in error must recover his costs in thiscourt.